UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Plastech Engineered Products, Inc., et al.[1]            Case No. 08-42417
                                                                          Chapter 11
                          Debtors.                               Hon. Phillip J. Shefferly

                                                                               Jointly Administered

_____/

**OPINION SUSTAINING IN PART THE DEBTORS' OBJECTION TO VIVITAR, INC.'S
MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
UNDER SECTION 503(b)(9)**

I. Introduction

There are a large number of claims filed in this case under § 503(b)(9) of the Bankruptcy Code. This opinion addresses two of the many issues that have arisen with respect to such claims. The first issue in this opinion is whether a debtor must receive the goods or just the value of the goods to entitle a seller of goods to an administrative expense for the value of such goods under § 503(b)(9). The Court holds that § 503(b)(9) only permits the allowance of an administrative expense claim where the administrative expense claimant demonstrates that the debtor has received the goods, and not just their value. The second issue is whether a debtor must itself take actual physical possession of the goods, or whether a debtor may still be found to have received the goods where a third party has taken actual physical possession of them. The Court holds that this issue can only be resolved after a full evidentiary record has been developed to enable the Court to

---

[1] The Debtors are the following entities: Plastech Engineered Products, Inc., LDM Technologies, Inc., Plastech Frenchtown, Inc., Plastech Decorating Systems, Inc., Plastech Exterior Systems, Inc., Plastech Romulus, Inc., MBS Polymet, Inc., LDM Holding Canada, Inc. and LDM Holding Mexico, Inc.

determine all of the facts and circumstances surrounding the receipt of the goods and the relationship among the debtor and the third party in possession of the goods.

## II. Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (O).

## III. Facts

The following facts are undisputed. On February 1, 2008, Plastech Engineered Products, Inc. and a number of related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. (Plastech and its related entities are collectively referred to as the "Debtor.") In the 20 days prior to the petition, Vivitar, Inc. ("Vivitar") sold goods to the Debtor in the ordinary course of the Debtor's business. The invoices (docket entry #427) issued by Vivitar to the Debtor state that the goods were to be shipped directly to Johnson Controls, Inc. ("JCI"), at several different locations. The invoices reflect that the goods were "billed to Plastech" and "sold to Plastech," but "shipped to JCI." The invoices further indicate that payment for the goods was to be made by the Debtor directly to Vivitar. The Debtor and JCI were parties to an agreement entitled Extended Enterprise Agreement which also reflected that Vivitar would ship the goods it sold to the Debtor directly to JCI. Vivitar was not a party to the Extended Enterprise Agreement and its other terms are not set forth in the record. There was no contract between Vivitar and JCI.

After the Debtor filed its bankruptcy petition, Vivitar filed a motion (docket entry #427) requesting entry of an order allowing it an administrative expense in the amount of $104,676.32 for goods sold by it to the Debtor during the 20 days before the Debtor filed its petition, under § 503(b)(9) of the Bankruptcy Code. Vivitar's motion was one of a number of motions filed by

various parties seeking allowance of administrative expenses under § 503(b)(9) (collectively referred to as the "§ 503(b)(9) Parties"). On July 28, 2008, the Debtor filed objections (docket entries #2275 and #2277) to the motions of the § 503(b)(9) Parties including Vivitar's motion. On August 12, 2008, Vivitar filed a response (docket entry #2474) to the Debtor's objections. On August 21, 2008, the Court held a hearing with respect to the motions filed by the § 503(b)(9) Parties and the Debtor's objections to them. The Debtor raised a number of legal issues in its objections that pertain to all of the motions filed by the § 503(b)(9) Parties. Some of these issues have already been adjudicated by the Court,[2] and other issues remain to be heard.

One of the Debtor's objections pertains only to Vivitar's motion. Specifically, the Debtor argues that even if Vivitar is able to demonstrate the presence of all of the other elements of § 503(b)(9), it is not entitled to an allowed administrative expense because its goods were not "received by the debtor" but instead were received by JCI. Vivitar counters with two arguments. First, Vivitar asserts that § 503(b)(9) does not require that the *goods* be "received by the debtor," but instead requires only that the *value* of the goods be "received by the debtor." Second, Vivitar asserts that even if the goods themselves must be "received by the debtor," that requirement is met so long as the debtor has "constructive possession" even if not actual possession of the goods. This opinion will address only the Debtor's specific objection to Vivitar's § 503(b)(9) motion and is issued without prejudice to any other issues raised by the motions filed by the § 503(b)(9) Parties, including Vivitar, or in the Debtor's objections to those motions.

IV. Discussion

---

[2]On September 16, 2008, the Court issued an Opinion Determining that Section 502(d) Does Not Apply to Administrative Expenses Under Section 503(b)(9)(docket #2929).

-3-

Section 503(b)(9) reads as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – . . .
    (9) the value of any goods received by the debtor within 20 days before the commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

A party seeking allowance of an administrative expense "has the burden of proving that its claim is within section 503." In re Collins & Aikman Corp., 384 B.R. 751, 759 (Bankr. E.D. Mich. 2008) (citing in part United Trucking Service., Inc. v. Trailer Rental Co. (In re United Trucking Service, Inc.), 851 F.2d 159, 161 (6th Cir. 1988)) (other citations omitted). The Debtor and Vivitar disagree on two elements that Vivitar must show under § 503(b)(9). The first issue is whether it is the *goods* or the *value* that must be received by the debtor within 20 days before the bankruptcy petition. The second issue is what does it mean to be *received* for purposes of § 503(b)(9). The Debtor and Vivitar agree that there is no controlling case in this circuit on either of these issues and that there is only one reported decision that even addresses these issues. Both the Debtor and Vivitar contend that the language of § 503(b)(9) is clear and that the Court must apply and enforce it according to its plain meaning. The Debtor and Vivitar cite the same U.S. Supreme Court decisions instructing this Court to enforce the plain meaning of the statute. However, despite their agreement that the statute is clear on its face, they do not agree on what it means.

On the first issue, the Court agrees that the language of § 503(b)(9) is clear on its face. The Court adopts the Debtor's interpretation of the plain meaning of the statutory language and rejects Vivitar's interpretation of the plain meaning of such language. In the Court's view, the word *received* modifies the word *goods* in § 503(b)(9). It is the *goods* and not the *value* that must be received by the debtor to trigger § 503(b)(9). The word *value* in the statute is merely the measure

of the amount of the "allowed administrative expense" under § 503(b)(9). The statute does not say *value received*. Instead, it says *goods received*. Vivitar's contention that § 503(b)(9) requires only that a debtor receive *value* and not actually receive *goods* is strained and ignores the plain meaning of the language used in the statute.

If Congress intended to permit the allowance of a § 503(b)(9) administrative expense where only the *value* and not the *goods* were received by the debtor within 20 days before a bankruptcy petition is filed, it could easily have said that the administrative expense will be allowed for the value or benefit received by a debtor from a sale of goods rather than requiring that the debtor receive the *goods*. There are other sections of the Bankruptcy Code where Congress has recognized the existence of a claim by reference to the benefit received by a party from a transfer of property even where such party did not receive the transferred property itself. For example, § 547(b)(1) permits a trustee to avoid a transfer of a property interest of the debtor where the transfer is made "to or for the benefit of a creditor." The rights conferred upon a trustee under § 547(b) are not limited to instances where the trustee can prove that a creditor has received the transferred property, but extend to instances where the trustee can prove that a creditor received the *benefit* of the transfer of the property. In other words, the transfer itself need not be received by the target creditor in order for the trustee to bring an action under § 547(b)(1) so long as the target creditor received the *benefit* of the transfer. Similarly, § 550(a)(1) provides another example where a claim is recognized by the Bankruptcy Code, not just against a party that received a transfer of property, but also against "the entity for whose benefit" the transfer of property was made. Unlike § 547(b)(1) and § 550(a)(1), § 503(b)(9) does not allow an administrative expense against a debtor who may have received a *value* or a *benefit* from the sale of goods unless that debtor received the *goods* themselves.

08-42417-pjs    Doc 3175    Filed 10/07/08    Entered 10/07/08 14:41:56    Page 5 of 8

The Court holds that § 503(b)(9) does not permit the allowance of an administrative expense unless it can be shown that the *goods* sold by the § 503(b)(9) claimant, and not just their *value*, were received by the debtor. Therefore, on the first issue, whether it is the *value* or the *goods* that must be received by the Debtor, the Court agrees with the Debtor and sustains its objection to Vivitar's motion.

The second dispute between the Debtor and Vivitar centers on the meaning of the word *received* in § 503(b)(9). The Debtor and Vivitar agree that the goods that form the basis for Vivitar's motion for allowance of administrative expense were delivered to JCI and that JCI took physical possession of those goods. The Debtor asserts that because JCI and not the Debtor took actual physical possession of the goods, the goods were not *received* by the Debtor and, therefore, Vivitar is not entitled to an allowed administrative expense under § 503(b)(9). Vivitar counters that the word *received* in § 503(b)(9) does not mean that the debtor must have actual physical possession of the goods but instead can also be satisfied if the debtor has "constructive possession" of the goods.

The Bankruptcy Code does not define *received*. The only reported decision discussing the word *received* in § 503(b)(9) is In re Pridgen, No. 007-04531-8-RDD, 2008 WL 1836950 (Bankr. E.D. N.C. Apr. 22, 2008). In that case, the debtors operated a grocery business that included the sale of gasoline. Id. at *1. Cary Oil Co. filed an application for allowance of an administrative expense under § 503(b)(9) for gasoline purchased by the debtors pre-petition. Cary Oil argued that the relationship was a consignment, in which it owned the gasoline delivered to the debtors' store until the gas was pumped from the tank and sold to the debtors' retail customers. Cary Oil further contended that the gasoline was not *received* by the debtors until title passed upon the final sale to the debtors' customer. Id. at *2-3. The court rejected this argument after an evidentiary hearing,

finding the testimony not credible and not corroborated by the written agreements. In hearing a motion for reconsideration, relying on the North Carolina commercial code, the court indicated in dictum that *receipt* had occurred when Cary Oil delivered the gasoline and the debtors took physical possession. Id. at *4. As dictum in an unpublished decision from another circuit, decided in the context of a motion for reconsideration after an evidentiary hearing, the analysis in Pridgen is of little help to this Court, which has had only the benefit of briefs, arguments, and copies of the invoices in this case.

The Debtor and Vivitar have cited various provisions of the Uniform Commercial Code in Michigan concerning the receipt of goods as well as case law construing those provisions. However, the parties have not stipulated to or introduced evidence of the facts regarding the relationship among the Debtor, Vivitar and JCI, and how JCI came into possession of Vivitar's goods. In sum, the record in this case has not yet been sufficiently developed to enable the Court to determine whether JCI took actual physical possession of the goods as an agent, designee, bailee, or in some other representative capacity for the Debtor.

## V. Conclusion

For now, the Court holds only that § 503(b)(9) does require that a debtor receive the *goods*, and not just the *value* of such goods. The Court therefore sustains the Debtor's objection to Vivitar's motion on these grounds. However, the Court does not decide today the Debtor's objection to Vivitar's assertion that the goods in this case were constructively received by the Debtor through an agent or other representative of the Debtor, when JCI took actual physical possession of the goods. There are issues of fact that must be addressed before the Court can rule on this objection. The Court will enter a separate order consistent with this opinion scheduling a conference with the Debtor and

Vivitar to discuss further proceedings to determine whether the actual physical possession of the goods by JCI means that such goods were *received* by the Debtor for purposes of determining whether to allow Vivitar's administrative expense under § 503(b)(9) in this case.

**Not For Publication.**

```
Signed on October 07, 2008
                                        /s/ Phillip J. Shefferly
                                   Phillip J. Shefferly
                                   United States Bankruptcy Judge
```