UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-42417-PJS |
| PLASTECH ENGINEERED ) | Chapter 11 |
| PRODUCTS, INC., et al.,[1] ) | Honorable Phillip J. Shefferly |
| ) | |
| Debtors. ) | Jointly Administered |

## LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF CERTAIN REMNANT ASSETS OF THE DEBTORS' ESTATES TO OAK POINT PARTNERS, INC.

Carroll Services, LLC, with James Patrick Carroll as managing member (the "Liquidating Trustee"), as liquidating trustee of that certain liquidating trust (the "Liquidating Trust") established pursuant to the confirmed *Fifth Amended Joint Plan of Liquidation Proposed by Plastech Engineered Products, Inc., Its Subsidiary Debtors and the Official Committee of Unsecured Creditors* (Docket No. 4181) (the "Plan")[2], hereby requests the entry of an order, pursuant to 11 U.S.C. § 105(a), the Plan, and the Confirmation Order (defined below), approving the sale of all remnant assets of the estates held by the Liquidating Trust for the benefit of Class 7 to Oak Point Partners, Inc. and related relief (the

---

[1] The Debtors are or were the following entities: Plastech Engineered Products, Inc., LDM Technologies, Inc., Plastech Frenchtown, Inc., Plastech Decorating Systems, Inc., Plastech Exterior Systems, Inc., Plastech Romulus, Inc., MBS Polymet, Inc., LDM Holding Canada, Inc., and LDM Holding Mexico, Inc.

[2] Capitalized terms used but not defined herein and defined in the Plan shall have the meanings ascribed to such terms in the Plan.

"Motion"). In support of the Motion, the Liquidating Trustee respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Article XI of the Plan, and paragraph 30 of the Confirmation Order (defined below). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On February 1, 2008 (the "Petition Date"), the debtors and debtors in possession in the captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Michigan (the "Court").

3. On February 8, 2008, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases pursuant to Bankruptcy Code section 1102.

4. On December 18, 2008, the Debtors and the Committee filed the Plan. That same day, the Court confirmed the Plan and entered its *Findings of Fact, Conclusions of Law and Order Confirming the Fifth Amended Joint Plan of*

*Liquidation Proposed by Plastech Engineered Products, Inc., Its Subsidiary Debtors and the Official Committee of Unsecured Creditors* (Docket No. 4186) (the "Confirmation Order").

5. The effective date of the Plan occurred on December 31, 2008 at 5:00 p.m.(Eastern) (the "Effective Date"), and those Debtors incorporated in the State of Michigan dissolved effective as of the Effective Date.

6. Pursuant to the *Plastech Engineered Products, Inc., et al., Liquidating Trust Agreement and Declaration of Trust Among Plastech Engineered Products, Inc., et al., the Official Committee of Unsecured Creditors of Plastech Engineered Products, Inc., et al. and Carroll Services LLC, with James Patrick Carroll as Managing Member, Liquidating Trustee* dated as of December 31, 2008 (the "Liquidating Trust Agreement"), Carroll Services LLC, with James Patrick Carroll as Managing Member, was designated as the Liquidating Trustee of the Liquidating Trust. The Liquidating Trust Agreement and the designation of Carroll Services, LLC as Liquidating Trustee was approved by the Court in the Confirmation Order. Confirmation Order ¶¶ 1, 12.

7. Pursuant to the Plan and the Liquidating Trust Agreement, upon the Effective Date, certain assets of the Debtors and their Estates were transferred to, and vested in, the Liquidating Trust. *See* Plan Article V.C.1 and Liquidating Trust Agreement Section 2.4.

8. After having completed the reconciliation of Claims and prosecution of Avoidance Actions and Causes of Action, on February 13, 2017, the Liquidating Trustee filed *Liquidating Trustee's Motion for Entry of Order in Aid of (I) Making a Final Distribution to Holders of Allowed General Unsecured Claims and (II) Winding Down the Liquidating Trust* (Docket No. 8187) (the "Motion in Aid"), which was granted by the Court on March 22, 2017. *See Order in Aid of (I) Making a Final Distribution to Holders of Allowed General Unsecured Claims and (II) Winding Down the Liquidating Trust* (Docket No. 8214) (the "Final Distribution Order").

9. Pursuant to the Final Distribution Order, the Liquidating Trustee has, among other things, (i) made the final Distribution to Holders of Allowed General Unsecured Claims (*see Affidavit of Service* at Docket No. 8218)[3] and (ii) funded the Administrative Reserve (as defined in the Motion in Aid) to pay the costs of making the final Distribution and all administrative costs of winding down the Liquidating Trust.

10. The Liquidating Trustee is now in the process of winding down the administration of these cases. While the Liquidating Trustee believes that he has administered all material assets of the Debtors and their Estates, there may be

---

[3] The total distribution percentage to Holders of Allowed General Unsecured Claims was 30.6%—over four times the original estimated 7% recovery set forth in the Disclosure Statement for Holders of Allowed General Unsecured Claims.

property of the Debtors and their Estates remaining, consisting of known or unknown assets and claims held by the Liquidating Trust for the benefit of Class 7 which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Liquidating Trustee believes that the cost of investigating the location of and condition of the Remnant Assets, and pursuing and liquidating the Remnant Assets will exceed the likely benefit that the Liquidating Trust would receive from such endeavors.

11. Oak Point Partners, Inc. ("Oak Point"), a company that specializes in the purchase of remnant assets from bankruptcy estates, has offered to purchase the Remnant Assets from the Liquidating Trust for $25,000, pursuant to the terms set forth in the Purchase Agreement and Assignment of Claims and Interests (the "Purchase Agreement"), a copy of which is attached hereto as **Exhibit A**.

12. The Liquidating Trustee believes that the sale of the Remnant Assets to Oak Point, as proposed in the Purchase Agreement, is in the best interests of the Liquidating Trust. While the Liquidating Trustee does not anticipate that there will be any further distributions to Holders of Allowed General Unsecured Claims, the $25,000 payment from Oak Point will help ensure that there are sufficient funds in the Liquidating Trust to pay all costs of winding down the Liquidating Trust.[4]

---

[4] To the extent that there are surplus funds in the Liquidating Trust after paying all administrative costs of the Liquidating Trust, the Liquidating Trustee intends to

## Relief Requested

13. By this Motion, the Liquidating Trustee seeks the entry of an order (a) approving the sale of the Remnant Assets to Oak Point; and (b) approving the Purchase Agreement and all of its terms and conditions, in substantially the form attached hereto as **Exhibit A**.

## Authority for Requested Relief

14. Article V.F.5(c) of the Plan provides, in relevant part, as follows:

> The Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary to comply with the Plan and exercise and fulfill the duties and obligations arising thereunder, including, without limitation, to:
>
> (vi) subject to the rights of Holders of Allowed DIP Facility Claims provided for in Article III.A.1 of the Plan, administer, sell, liquidate, or otherwise dispose of all Collateral, Unencumbered Assets, Available Additional DIP Collateral Proceeds and all other assets of the Estates in accordance with the terms of the Plan (subject, with respect to the Residual Assets, to the consent, payment and other rights set forth herein and subject, with respect to the Liquid Collateral and the Additional DIP Collateral, to the consent of the DIP Lenders)[.]

Plan Article V.F.5(c).

15. Section 3.2 of the Liquidating Trust Agreement provides, in relevant part, as follows:

> The Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary to comply with the Plan and exercise and

---

donate such funds to one or more well-recognized secular charities, as authorized by the Final Distribution Order.

fulfill the duties and obligations arising thereunder, including, without limitation, to:

...

(7) subject to the rights of Holders of Allowed DIP Facility Claims provided for in Article III.A.1 of the Plan and the Liens held by the First Lien Term Lender Parties and Second Lien Term Lender Parties, administer, sell, liquidate, or otherwise dispose of all Collateral, Unencumbered Assets, Additional DIP Collateral and all other assets of the Estates in accordance with the terms of the Plan (subject, with respect to the Residual Assets, to the consent, payment and other rights set forth in the Plan and the Liquidating LLC Agreement, and subject, with respect to the Liquid Collateral and the Additional DIP Collateral, to the consent of the DIP Lenders)[.]

Liquidating Trust Agreement § 3.2.

16. The Liquidating Trustee submits that it is authorized under Article V.F.5(c)(vi) of the Plan and Section 3.2(7) of the Liquidating Trust Agreement to sell the Remnant Assets to Oak Point as provided in the Purchase Agreement.

17. Furthermore, the Court has authority under the Plan, the Confirmation Order, and the Bankruptcy Code to authorize the Liquidating Trustee to sell the Remnant Assets to Oak Point and approve the Purchase Agreement.

18. Article XI of the Plan provides, in relevant part, as follows:

Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order, substantial consummation of the Plan and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law..., including, among other things, jurisdiction to:

...

>
> 4. Effectuate performance of and payments under the provisions of the Plan;
>
> 5. Hear and determine any and all adversary proceedings, motions, applications and contested or litigated matters arising out of, under or related to the Chapter 11 Cases, the Plan or the Liquidating Trust Agreement;
>
> 6. Enter such orders as may be necessary or appropriate to execute, implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order;
>
> ...
>
> 11. Hear and determine any matters arising in connection with or relating to the Plan, the Plan Supplement, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with the Plan, the Plan Supplement, the Disclosure Statement or the Confirmation Order; [and]
>
> ...
>
> 15. Hear and determine all matters related to the property of the Estates, including, but not limited to, the Unencumbered Assets, from and after the Confirmation Date[.]

Plan Article XI. The Liquidating Trustee submits that the Court has authority under these provisions to approve the sale of the Remnant Assets to Oak Point and approve the Purchase Agreement.

19. In addition, paragraph 30 of the Confirmation Order provides as

follows:

> Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in Article XI of the Plan, which provisions are incorporated herein by reference.

Confirmation Order ¶ 30. The Liquidating Trustee submits that the Court has authority under this provision as well to approve the sale of the Remnant Assets to Oak Point and approve the Purchase Agreement.

20. In addition, Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code provides further authority for the Court to approve the sale of the Remnant Assets to Oak Point and approve the Purchase Agreement since approving the sale and the Purchase Agreement is appropriate to implement the Plan in accordance with the provisions of the Bankruptcy Code.

21. For the foregoing reasons, the Liquidating Trustee submits that the sale of the Remnant Assets to Oak Point as provided in the Purchase Agreement is in the best interests of the Liquidating Trust and should be approved.

## Notice

22. The Liquidating Trustee has provided or will provide notice of this Motion to the entities listed on the Debtors' Primary Service List. The Liquidating

Trustee submits that, under the circumstances, no other or further notice is required.

## Conclusion

WHEREFORE, the Liquidating Trustee respectfully requests (i) entry of an order, substantially in the form attached hereto as **Exhibit B**, (a) approving the sale of the Remnant Assets to Oak Point and (b) approving the Purchase Agreement and all of its terms and conditions and (ii) such other and further relief as this Court deems just and proper.

Date: September 11, 2017

Respectfully submitted,

CLARK HILL PLC

/s/ *John R. Stevenson*
Joel D. Applebaum (P36774)
John R. Stevenson (P70241)
151 S. Old Woodward, Ste 200
Birmingham, Michigan 48009
Telephone: (248) 642-9692
japplebaum@clarkhill.com
jstevenson@clarkhill.com

-and-

ALLARD & FISH, PC
Deborah L. Fish (P36580)
535 Griswold, Suite 2600
Detroit, Michigan 46226
(313) 961-6141
dfish@allardfishpc.com

Counsel to the Liquidating Trustee

# EXHIBIT A

# PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

**THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS** (this "Agreement"), dated as of _____, 2017, is between the **LIQUIDATING TRUST** ("Trust" or "Seller") for the **PLASTECH ENGINEERED PRODUCTS, INC. ET AL.** (collectively, the "Debtors") **BANKRUPTCY ESTATES** (collectively, the "Estates") and **OAK POINT PARTNERS, INC.** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on February 1, 2008, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan ("Bankruptcy Court"), jointly administered under Case No. 08-42417 (PJS); and

**WHEREAS**, on December 18, 2008, the Bankruptcy Court entered an order confirming the Fifth Amended Joint Plan of Liquidation Proposed by Plastech Engineered Products, Inc., Its Subsidiary Debtors and the Official Committee of Unsecured Creditors (the "Plan"), pursuant to which (i) the Trust was formed and received certain assets of the Debtors and their Estates and (ii) Carroll Services, LLC, with James P. Carroll as managing member, (the "Trustee") was appointed as the Liquidating Trustee of the Trust; and

**WHEREAS**, at the time of the execution of this Agreement, while the Trustee believes he has administered all materials assets of the Debtors and their Estates held by the Liquidating Trust for the benefit of Class 7 under the Plan, there may be such property of the Debtors and their Estates remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"); and

**WHEREAS**, the Remnant Assets specifically **exclude** (a) cash held at the time of this Agreement by the Trustee; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to the Plan, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Twenty Five Thousand and No/100 Dollars ($25,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement.

2. **Assignment of Remnant Assets.** Subject to the receipt of the Purchase Price, Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** The sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller

on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that, subject to the Plan, Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement free of any liens or other encumbrances.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

7. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

8. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

9. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

10. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

11. **Independent Investigation.** The parties have made independent investigations of all matters referred to herein to the extent they find it to be appropriate and none of them is relying on any statement, representation or report made by any other.

12. **Joint Preparation of Agreement.** This Agreement shall be construed as if the parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any one party.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Michigan, without giving effect to choice of law principles of the State of Michigan.

14. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be

2

deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _____
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269      fax (847) 655-2746

**PLASTECH LIQUIDATING TRUST, by and through
Carroll Services, LLC, as Liquidating Trustee**

By: _____
Name: JAMES P. CARROLL
Its:    Managing Member

Address: 197M Boston Post Road West #367, Marlborough, MA 01752
tel (617) 899-9007

3

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: )
 )  Case No. 08-42417-PJS
PLASTECH ENGINEERED ) Chapter 11
PRODUCTS, INC., et al.,[1] ) Honorable Phillip J. Shefferly
 )
    Debtors. ) Jointly Administered

## ORDER APPROVING THE SALE OF CERTAIN REMNANT ASSETS OF THE DEBTORS' ESTATES TO OAK POINT PARTNERS, INC.

Upon the *Liquidating Trustee's Motion for an Order Approving the Sale of Certain Remnant Assets of the Debtors' Estates to Oak Point Partners, Inc.* (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice needs to be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] The Debtors are or were the following entities: Plastech Engineered Products, Inc., LDM Technologies, Inc., Plastech Frenchtown, Inc., Plastech Decorating Systems, Inc., Plastech Exterior Systems, Inc., Plastech Romulus, Inc., MBS Polymet, Inc., LDM Holding Canada, Inc., and LDM Holding Mexico, Inc.

[2] Capitalized terms used but not defined herein and defined in the Motion shall have the meanings ascribed to such terms in the Motion.

creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. Pursuant to 11 U.S.C. § 105(a), the Plan, and the Confirmation Order, the Liquidating Trustee is authorized to sell the Remnant Assets to Oak Point for the consideration described in the Motion.

4. The Liquidating Trustee is authorized to take such action as is necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

5. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Remnant Assets and proceeds thereof.

6. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.